IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael McKnight, | ) | |
| | ) | C/A No. 8:09-3015-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **O R D E R** |
| SCDC Director Jon Ozmint, Warden | ) | |
| Gregory Knowlin, Linda Bradshaw, and | ) | |
| Sgt. D. Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael McKnight formerly was an inmate in custody of the South Carolina Department of Corrections who at the time of the underlying events was incarcerated at Turbeville Correctional Institution in Turbeville, South Carolina. Plaintiff, proceeding pro se, filed the within action on November 20, 2009, alleging that Defendants subjected him to excessive force and were deliberately indifferent to his medical needs. Thus, Plaintiff brings this action pursuant to 42 U.S.C. § 1983 for violation of his constitutional rights.

This matter is before the court on motion for summary judgment filed by Defendants on April 8, 2010. By order filed April 9, 2010, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the summary judgment procedures and the possible consequences if he failed to respond adequately. Plaintiff filed a response in opposition to Defendants' motion on May 18, 2010. In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for pretrial handling. On July 13, 2010, the Magistrate Judge issued a Report and Recommendation in which she determined that Plaintiff had not exhausted his administrative remedies as mandated by 42 U.S.C. § 1997(e). See

Porter v. Nussle, 534 U.S. 516 (2002).  The Magistrate Judge further determined that Plaintiff's complaint should be dismissed on the merits and that the court should decline to exercise jurisdiction over any state claims asserted by Plaintiff.  Accordingly, the Magistrate Judge recommended that Defendants' motion for summary judgment be granted and the complaint be dismissed with prejudice.  Plaintiff filed objections to Report and Recommendation on June 17, 2010.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court.  Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

Plaintiff's objections read in full as follows:

Dear Whom, This may concern? Im writing to let you know that. I don't think my case shouldn't be dismiss.  The reason why because some of.  The same altercation was taking place.  Why I was there plus, some other situation was worsted than others. Plus it seem like the CO's got some time.  OF discriminating against the pink jump suits.  Tubreville. C.I.    Say for instance their make they own.  Rules and expectations and inmate will.  Do something, the CO's will hold the inmate accountable.  For they breaking their own rules.  I feel like how you going to.  Try and get someone right.  But you aren't living up to your own standard.  I feel if y'all don't put it.  To case before it get worst.

The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Nevertheless, the court has thoroughly examined the record.  The court adopts the Report of

2

and Recommendation and incorporates it herein by reference to the extent that the Magistrate Judge recommends that the complaint be dismissed to allow Plaintiff to exhaust his administrative remedies.  The complaint is dismissed without prejudice.

       **IT IS SO ORDERED**.

                             /s/ Margaret B. Seymour
                             United States District Judge

Columbia, South Carolina

August 16, 2010.